IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BURAK POWERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-01334 |
| | § | |
| BROKEN HILL PROPRIETARY (USA), INC., | § | |
| | § | |
| Defendant. | § | |

**POWERS' MOTION TO STRIKE PARAGRAPHS 19, 20, 22, 23, 26, 28, AND 29 OF MARIUS KOTZE'S DECLARATION**

Powers files his Motion to Strike Paragraphs 19, 20, 22, 23, 26, 28, and 29 of Marius Kotze's Declaration, showing as follows.

On May 19, 2022, BHP filed its motion for summary judgment in this Title VII sex discrimination, retaliation, and breach of contract case (Doc. No. 32). BHP relied on a declaration from its Head of Human Resources, Marius Kotze (Doc. 32-1 at pages 2-5 of 147). Because paragraphs 19, 20, 22, 23, 26, 28, and 29 of Kotze's Declaration were not shown to be based on his personal knowledge, they should be stricken.

Powers' Title VII claims in this case involve, among other things, the denial of four different job openings at BHP that he applied for. In all four cases, the jobs were given to females. In at least two of those four cases, Niall McCormack, BHP's former Vice President of Exploration, and Todd Lee, BHP's former Vice President of Transformation, were decisionmakers. *See* Doc. 32-2 at ¶¶ 18, 24. Neither McCormack nor Lee are currently employed by BHP. And, neither McCormack nor Lee gave sworn declarations or affidavits in support of BHP's motion for summary judgment.

Instead, BHP offered up Kotze's Declaration. In Kotze's Declaration, he testified in paragraphs 19, 20, 22, 23, 26, 28, and 29 about why McCormack and Lee supposedly made the decisions not to select Powers for the two openings for which they were decisionmakers. Kotze failed to explain how it is that he alleged had, or would have, any personal knowledge of what McCormack and Lee were thinking when they made the decisions not to select Powers for those two openings. Nevertheless, Kotze testified in conclusory and self-serving fashion that both McCormack and Lee acted without any unlawful discriminatory intent.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Love v. Nat'l Medical Enters.*, 230 F.3d 765, 776 (5th Cir. 2000). Paragraphs 19, 20, 22, 23, 26, 28, and 29 of Kotze's Declaration facially flunk this test, and thus should be stricken from the record. *See, e.g., Wojciechowski v. Nat'l Oilwell Varco, L.P.*, 763 F.Supp.2d 832, 846 (S.D. Tex. 2011) (striking sections of affidavit submitted in summary judgment proceeding because affiant failed to demonstrate they were made based on personal knowledge).

Finally, one note: BHP also provided an internal Investigation Report with its motion for summary judgment that purports to include unsworn statements that McCormack and Lee made to an internal BHP investigator named Sara Summerbell (who is also no longer employed by BHP) concerning one of the two positions at issue in this case for which they were decisionmakers. *See* Doc. 32-1 at pages 90-103 of 147. To the extent BHP attempts to rely on this Investigation Report to prove what McCormack and Lee allegedly told Summerbell about why they decided not to select Powers for that position, that should be stricken as inadmissible hearsay (and hearsay within hearsay) under Federal Rule of Evidence 801. *See, e.g., Bedford Internet Office Space, LLC v.*

*Travelers Cas. Ins. Co.*, 41 F. Supp. 3d 535, 544 (N.D. Tex. 2014) (concluding that "'witness statements [in a police report] offered to prove the truth of the matter asserted are 'hearsay within hearsay' and are inadmissible unless each level of hearsay qualifies under one of the hearsay exceptions.'").

    Respectfully submitted,

    OBERTI SULLIVAN LLP

By:   s/ Mark J. Oberti
Mark J. Oberti
State Bar No. 00789951
S.D. Texas No. 17918
712 Main Street, Suite 900
Houston, Texas 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
mark@osattorneys.com – Email

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

Edwin Sullivan
State Bar No. 24003024
S.D. Texas No. 24524
OBERTI SULLIVAN LLP
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com – Email

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred in good faith with opposing counsel concerning this motion, and opposing counsel opposes this motion as stated herein.

                                                                          s/ Mark J. Oberti
                                                                          Mark J. Oberti

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record listed below via ECF service on the 7th day of June 2022.

Shauna Johnson Clark
Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

                                                                          s/ Mark J. Oberti
                                                                          Mark J. Oberti