U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BURAK POWERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-01334 |
| | § | |
| BROKEN HILL PROPRIETARY (USA) INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT BROKEN HILL PROPRIETARY (USA) INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTAIN
PARAGRAPHS OF MARIUS KOTZE'S DECLARATION**

Dated: June 28, 2022

OF COUNSEL

Kimberly F. Cheeseman
State Bar No. 24082809
S.D. Tex. Id. No. 2254668
kimberly.cheeseman@nortonrosefulbright.com

Jesika Silva Blanco
State Bar No. 24098428
S.D. Tex. Id. No. 2780677
jesika.blanco@nortonrosefulbright.com

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:     (713) 651-5151
Facsimile:     (713) 651-5246

Respectfully submitted,

/s/ Shauna Johnson Clark
    Shauna Johnson Clark
    State Bar No.  00790977
    S.D. Tex. Id. No. 18235
    shauna.clark@nortonrosefulbright.com

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:     (713) 651-5151
Facsimile:     (713) 651-5246

***Attorney in Charge for Defendant***

Defendant Broken Hill Proprietary (USA) Inc. ("BHP" or "Company") files this Response in Opposition to Plaintiff Burak Powers's ("Powers" or "Plaintiff") Motion to Strike Certain Paragraphs of Marius Kotze's Declaration ("Motion to Strike").[1]  *See* Doc. 34.

## I. BRIEF BACKGROUND

On May 19, 2022, BHP filed its Motion for Summary Judgment on all three of Powers's claims: (1) sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) post-termination retaliation under Title VII; and (3) breach of contract. *See* Doc. 32. For the sake of brevity and to avoid duplicative filings, BHP incorporates and respectfully refers the Court to BHP's Motion for Summary Judgment for a complete recitation of the facts and arguments. *See id.*

Relevant to Powers's Motion to Strike is his claim for alleged sex discrimination. *See* Doc. 34. Among other things, Powers alleges BHP discriminated against him by hiring females for the four positions to which he applied. *Id.* For two of those positions—Investor Roadshow Project Manager and Head of Planning & PLT Support—BHP submitted the declaration of Marius Kotze as part of its summary judgment evidence. *See* Doc. 32 at 11-12, 14.

Kotze has worked at BHP since 2002 in various Human Resources roles. *See* Doc. 32-1 at ¶2. In 2017, he assumed the Head of Human Resources position for the entire Petroleum organization. *Id.*; *see also* Doc. 33-62 at 10:3-11:4 (explaining he was responsible for the entire Petroleum function). Notably, Kotze was Head of Human Resources for Petroleum during the relevant time period at issue in this lawsuit. *See* Doc. 1 at ¶¶ 1-2 (explaining the alleged adverse actions occurred in 2018-2020).

Among other things, Kotze testified in his declaration as to BHP's hiring decisions for the

---

[1] Any references to page numbers are to the document's original pagination and not CM/ECF numbering.

130990566.1

Investor Roadshow Project Manager and Head of Planning & PLT Support positions. *See id.* at ¶¶ 18-29. Kotze explained that the hiring managers for those roles were Niall McCormack, former Vice President of Exploration, and Todd Lee, former Vice President of Transformation. *Id.* Kotze expressly testified that his personal knowledge was based on information obtained from other persons, reasonable inquiry, and Company business records, and that he was serving as BHP's corporate representative in the lawsuit. *Id.* at ¶ 2.

In addition, Kotze testified that BHP promptly investigates all complaints and takes appropriate remedial or disciplinary action if necessary, and that BHP promptly investigated Powers's complaint. *See id.* at ¶¶ 7, 30. Kotze also explained that BHP's investigation report and supporting documents were records created at or near the time of the acts, were made by someone with knowledge, and were kept in the regular course of business for BHP. *See* Doc. 32-1 at ¶¶ 31-32; *see also* Ex. A-10; Ex. A-12; and Ex. A-13. The investigation also occurred before Powers filed this lawsuit. *See id.* ¶ 30; Ex. A-13.

Powers now takes issue with seven paragraphs of Kotze's declaration—Paragraphs 19, 20, 22, 23, 26, 28, and 29:

> 19. In filling the position [for Investor Roadshow Project Manager], [Niall] McCormack sought a candidate with specialized skills in investor relations, particularly pricing decks and benchmarking data and who was familiar with the consulting group Wood Mackenzie and their models.
>
> 20. The role was posted using BHP's Expression of Interest process rather than the standard recruitment process. Typically, when an Expression of Interest process is used the hiring managers already have a strong candidate in mind. In this case, McCormack had already identified Jeanie Harrison as a strong candidate for the role who possessed the attributes he was looking for in a candidate.
>
> 22. Although McCormack considered Harrison superbly qualified for the position, he nonetheless met with Powers. Even before the meeting, McCormack had serious concerns about Powers's suitability for the role, finding him "hard headed" and not the easiest to work with. McCormack

130990566.1

>   also questioned whether Powers truly wanted the role. For these reasons, McCormack determined that Powers was not the best qualified candidate for the position.
>
> 23. Harrison and one other candidate, Luca Tagini (male), were shortlisted for the Investor Roadshow Project Manager role. [Todd] Lee spoke to both and recommended proceeding with Harrison. McCormack agreed with Lee's recommendation to hire Harrison. Their decision to hire Harrison was based on her qualifications and merit, not based on her gender or any KPI.
>
> 26. Powers was not interviewed [for Head of Planning & PLT Support] because the candidates chosen to be interviewed all held a formal role of "Manager" or "Head Of" at BHP, had a PLT-level recommendation, and were listed on an internal talent list.
>
> 28. Harrison was managing a team of more than eight direct reports at the time of her application, was highly recommended by PLT members, and was on the internal talent list.
>
> 29. McCormack and Lee's decision to hire Harrison [for Head of Planning & PLT Support] was based on her qualifications and merit, not based on her gender or any KPI.

*See* Doc. 34 at 1-2.

In particular, Powers alleges Kotze lacks personal knowledge for these paragraphs because he was not the hiring manager for the two positions, and BHP has not demonstrated how he would have personal knowledge regarding the hiring managers' decisions. *See id.* Powers also claims that to the extent BHP is replying on the internal Human Resources investigation report that contains statements by the hiring managers, those statements constitute double hearsay. *Id.* at 2.

Powers's evidentiary objections are a mere distraction tactic that fail to save his claims. As explained below, Powers's arguments are without merit, and the Court should deny his Motion to Strike.

130990566.1

## II.  RELEVANT STANDARDS

### A.  *Personal Knowledge*

Fifth Circuit case law is clear that "[a]n affiant . . . may have personal knowledge of activities in which [he] has not actually participated." *Hamilton v. Trover Sols., Inc.*, 104 F. App'x 942, 944 (5th Cir. 2004).  Personal knowledge can be inferred if such knowledge reasonably falls within the person's "sphere of responsibility." *Matter of Green*, 968 F.3d 516, 524 (5th Cir. 2020); *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (finding personal knowledge was satisfied based on the declarant's position within the company).  A supervisor or manager can "glean personal knowledge of the practices of that organization by participating in those practices or reviewing the organization's records." *Hamilton*, 104 F. App'x at 944.  The Fifth Circuit has also emphasized that "personal knowledge does not necessarily mean contemporaneous knowledge." *Matter of Green*, 968 F.3d at 524.  Accordingly, personal knowledge can be gained through a review of company records after the fact. *Id.*

Moreover, for a witness designated as the corporate representative under Rule 30(b)(6), the designee "testifies vicariously, for the corporation, as to its knowledge and perceptions." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006))).  Therefore, the Fifth Circuit has held that a declarant's status as the corporate representative designee further provides support against striking statements for a lack of personal knowledge. *Id.* ("[Declarant's] affidavit and his deposition indicate that during the relevant time period, he has been the manager of production operations for the lease at issue. . . . This is a sufficient basis upon which to infer that [declarant] has personal knowledge of the facts contained in those paragraphs.  In addition, the record reveals that [declarant] was designated as the representative of [defendant] under Rule

30(b)(6) of Civil Procedure. . . . Thus, [declarant's] status as the designee of [defendant] further indicates that these statements constitute competent summary judgment evidence."); *see also Hijeck v. Menlo Logistics, Inc.*, No. CIV A 307-CV-0530-G, 2008 WL 465274, at *4 (N.D. Tex. Feb. 21, 2008) (finding "it is not necessary that [the HR manager] have direct, personal knowledge of each and every fact discussed in her affidavit . . . When a corporation offers the testimony of a representative, the corporation appears vicariously through that agent" (internal quotation marks omitted)); *see also Laguette v. U.S. Bank*, No. A-13-CV-495 LY, 2014 WL 11498178, at *3 (W.D. Tex. Feb. 28, 2014), *report and recommendation adopted*, 2014 WL 11510273 (W.D. Tex. Apr. 2, 2014), *aff'd*, 602 F. App'x 936 (5th Cir. 2015) (finding an "affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge is based on a review of her employer's business records and the affiant's position with the employer renders her competent to testify on the particular issue which the affidavit concerns"); *Atl. Marine Fla., LLC v. Evanston Ins. Co.*, No. 3:08-CV-538-J-20, 2010 WL 1930977, at *2 (M.D. Fla. May 13, 2010) (relying on Fifth Circuit law and finding the declaration submitted by the corporate representative satisfied the personal knowledge requirement because of the declarant's position within the company and because the declarant attested to reviewing business records).

### B. Business Records Hearsay Exception

Known as the "business records hearsay exception," Federal Rule of Evidence 803(6) allows the admission of a record made at or near the time of the acts by—or from information transmitted by—someone with knowledge, if the record is kept in the course of a regularly conducted business activity, and making the record was a regular practice of that activity, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. Fed. R. Evid. 803(6).

130990566.1

The Fifth Circuit has repeatedly held that internal employment investigation reports are admissible under the business records hearsay exception of Rule 803(6). *See Brauninger v. Motes*, 260 F. App'x 634, 637–38 (5th Cir. 2007) (finding Rule 803(6) applied because the "harassment investigation was triggered by employees' sexual harassment complaints," and that "[i]n response to harassment complaints . . . it was an ordinary practice for human resource managers to investigate those complaints and to document the findings of that investigation"); *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 481 n.7 (5th Cir. 2002) (stating that human resource manager's harassment investigation notes were admissible as a business record).

"Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person." *JPMorgan Chase Bank, N.A. v. Classic Home Fin., Inc.*, 548 F. App'x 205, 209 (5th Cir. 2013). The Fifth Circuit, however, has made clear there is a critical distinction for the double hearsay analysis depending on whether the source of the information is within or outside the organization:

> If both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business, the multiple hearsay is excused by Rule 803(6). However, if the source of the information is an outsider . . . Rule 803(6) does not, by itself, permit the admission of the business record. The outsider's statement must fall within another hearsay exception to be admissible because it does not have the presumption of accuracy that statements made during the regular course of business have.

*Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991).

This distinction is important because the assumption of reliability, accuracy, and trustworthiness of business records "collapses when any person in the process is not acting in the regular course of the business." *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 279 (5th Cir. 1991); *compare Wilson*, 939 F.2d at 271 (finding that even though the hospital report was a business report, the statements by the plaintiff's sister, who was an "outsider" to the company, were hearsay

to which no exception applied), *with La Day*, 302 F.3d at 481 (noting that statements by other employees within the company's harassment investigation notes were admissible as a business record), *and United States v. City of Houston*, No. CV H-18-0644, 2020 WL 2516603, at *20 (S.D. Tex. May 15, 2020) (Lake, J.) (finding that even if offered for the truth of the matter asserted, the statement by an employee contained in the employer's investigative report was admissible under the business records exception).

### III.  ARGUMENTS & AUTHORITIES

Here, Kotze's declaration states that he has been Head of Human Resources for Petroleum since 2017.  *See* Doc. 32-1 at ¶ 2; *see also* Doc. 33-62 at 10:3-11:4 (explaining he was responsible for the entire Petroleum organization).  Kotze's declaration also explicitly states that his personal knowledge was based on, among other things, "information obtained from other persons, reasonable inquiry, and Company business records[.]"  Doc. 32-1 at ¶ 2.  This is consistent with the fact that Kotze is also serving as BHP's corporate representative in the lawsuit.  *Id.*

As a result, Kotze's statements regarding BHP's hiring for the Investor Roadshow Project Manager and Head of Planning & PLT Support positions should not be stricken.  The fact Kotze himself was not the hiring manager is inapposite, because BHP's hiring practices and decisions reasonably fall within Kotze's "sphere of responsibility" as Head of Human Resources for Petroleum.  *See Matter of Green*, 968 F.3d at 524 (finding personal knowledge was inferred because it fell within the witness's "sphere of responsibility"); *DIRECTV, Inc.*, 420 F.3d at 530 (same); *Hamilton*, 104 F. App'x at 944 ("An affiant . . . may have personal knowledge of activities in which [he] has not actually participated.").

Courts often find declarations submitted by employees in similar managerial positions sufficient for these reasons.  *See Minihan v. Griffin Dewatering Corp.*, No. CV H-20-284, 2021

WL 4027055, at *2 (S.D. Tex. July 30, 2021) (Hittner, J.) (refusing to strike declaration submitted by Vice President of Risk, whose job duties included Human Resources, because although the declaration "does not include much information about the [VP]'s role at the [company] or the extent of his familiarity with human resources practices or company termination policy, the Court determines [VP's] declaration is sufficient to establish personal knowledge for purposes of admission as competent summary judgment evidence" because the knowledge was reasonably within his sphere of responsibility); *Khalfani v. Balfour Beatty Communities, LLC*, No. EP-12-CV-00422-DCG, 2014 WL 12689827 (W.D. Tex. Feb. 6, 2014) (concluding that declarant, as Interim Community Manager, was entitled to testify regarding business activities based on sources other than those obtained from his personal involvement, such as company reports); *Balfour Beatty Rail Inc. v. Kansas City S. Ry. Co.*, No. 3:10–CV–1629–L, 2012 WL 3100833, *17 n.6 (N.D. Tex. July 31, 2012) (noting an affiant's managerial position within the company entitled him to testify regarding business activities "based on sources other than those obtained from personal involvement in a project's daily operations").

This is especially true given the fact Kotze is serving as BHP's corporate representative in this lawsuit. *See Cutting Underwater Techs.*, 671 F.3d at 516 (finding declarant's status as the corporate representative designee "further indicates that these statements constitute competent summary judgment evidence"); *Hijeck*, 2008 WL 465274, at *4 (refusing to strike paragraphs in declaration submitted by corporate representative); *see also Laguette*, 2014 WL 11498178, at *3 (finding an "affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge is based on a review of her employer's business records and the affiant's position with the employer renders her competent to testify on the particular issue which the affidavit concerns"). Accordingly, Powers's endeavor to discredit certain paragraphs of Kotze's

130990566.1

declaration based on a superficial argument of personal knowledge falls flat under Fifth Circuit law, and the Court should overrule his objections.

Similarly unavailing is Powers's attempt to exclude statements in the investigation report as double hearsay. For support, Powers relies on *Bedford Internet Office Space, LLC v. Travelers Cas. Ins. Co.*, 41 F. Supp. 3d 535, 544 (N.D. Tex. 2014). In *Bedford*, the business record at issue was a police report that contained witness statements provided by property owners. *Id.* Therefore, the fact these statements were held to be hearsay makes sense—they were provided by property owners who were individuals outside the police organization. As the Fifth Circuit has explained, "if the source of the information is an outsider . . . Rule 803(6) does not, by itself, permit the admission of the business record. The outsider's statement must fall within another hearsay exception to be admissible." *Wilson*, 939 F.2d at 271.

This is not the case here. Both McCormack and Lee were Vice Presidents of BHP at the time they were interviewed for the investigation report. *See* Doc. 32-1 at Ex. A-13. Kotze testified that BHP promptly investigates all complaints as part of its regular course of business, and did the same for Powers's complaint. Doc. 32-1 at ¶¶ 7, 30. There is simply no evidence that BHP or its Vice Presidents were not acting in the regular course of business when completing the investigation, especially given the investigation occurred before Powers filed any lawsuit. As a result, statements within the report by the hiring managers are excused by the business record exception of Rule 803(6). *Wilson*, 939 F.2d at 271 ("If both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business, the multiple hearsay is excused by Rule 803(6)."); *see also Brauninger*, 260 F. App'x at 637 (explaining that to the extent the human resource manager's investigatory materials contained hearsay, they were nonetheless admissible under business records exception

130990566.1

because investigation and documentation of sexual harassment allegations "are ordinary business practices and regular parts of" the duties of a human resource manager); *Ware v. Autozoners, LLC*, No. CV H-21-0067, 2022 WL 2193394, at *5 (S.D. Tex. June 17, 2022) ("Even if the court were persuaded that the investigation file and the statements within it were hearsay, the court would admit those documents . . . pursuant to the 'business records' exception."); *City of Houston*, 2020 WL 2516603, at *20 (finding that statement by an employee contained in the employer's investigative report was admissible, among other things, as a business records); *Broughton v. Livingston Indep. Sch. Dist.*, No. 08-CV-175, 2010 WL 4453763, at *4 (E.D. Tex. Nov. 3, 2010) (finding that even if offered for the truth of the matter asserted, the student statements obtained in the course of school district's investigation and included in the investigative file qualified as business records and were admissible where it was the regular practice of the school district to conduct such investigations and include statements of those interviewed). Accordingly, Powers's attempt to exclude the investigation report and the statements contained therein as hearsay and double hearsay is without merit.

## IV.  CONCLUSION

For the reasons stated above and more fully in its Motion for Summary Judgment, Defendant Broken Hill Proprietary (USA) Inc. prays that the Court deny Plaintiff's Motion to Strike Certain Paragraphs of Marius Kotze's Declaration and grant Defendant's Motion for Summary Judgment all of Plaintiff Burak Powers's claims.

130990566.1

Dated:  June 28, 2022

OF COUNSEL

Kimberly F. Cheeseman
State Bar No.  24082809
S.D. Tex. Id. No. 2254668
kimberly.cheeseman@nortonrosefulbright.com

Jesika Silva Blanco
State Bar No. 24098428
S.D. Tex. Id. No. 2780677
jesika.blanco@nortonrosefulbright.com

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:     (713) 651-5151
Facsimile:      (713) 651-5246

Respectfully submitted,

*/s/ Shauna Johnson Clark*
Shauna Johnson Clark
State Bar No.  00790977
S.D. Tex. Id. No. 18235
shauna.clark@nortonrosefulbright.com

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:     (713) 651-5151
Facsimile:      (713) 651-5246

***Attorney in Charge for Defendant***

## CERTIFICATE OF SERVICE

This pleading was served in accordance with the Federal Rules of Civil Procedure on all counsel of record via the Court's CM/ECF system on this 28th day of June, 2022.

*/s/  Kimberly Cheeseman*
Kimberly F. Cheeseman

130990566.1