U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BURAK POWERS** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-01334 |
| | § | |
| **BROKEN HILL PROPRIETARY (USA) INC.,** | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT BROKEN HILL PROPRIETARY (USA) INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO ADD ADDITIONAL AFFIDAVIT TO THE SUMMARY JUDGMENT RECORD

Dated: September 2, 2022

OF COUNSEL

Kimberly F. Cheeseman
State Bar No. 24082809
S.D. Tex. Id. No. 2254668
kimberly.cheeseman@nortonrosefulbright.com

Jesika Silva Blanco
State Bar No. 24098428
S.D. Tex. Id. No. 2780677
jesika.blanco@nortonrosefulbright.com

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:   (713) 651-5151
Facsimile:    (713) 651-5246

Respectfully submitted,

/s/ Shauna Johnson Clark
  Shauna Johnson Clark
  State Bar No. 00790977
  S.D. Tex. Id. No. 18235
  shauna.clark@nortonrosefulbright.com

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:   (713) 651-5151
Facsimile:    (713) 651-5246

*Attorney in Charge for Defendant*

131860994.1

Defendant Broken Hill Proprietary (USA) Inc. ("BHP" or "Company") files this Response in Opposition to Plaintiff Burak Powers's ("Powers" or "Plaintiff") Motion for Leave to Add Additional Affidavit to the Summary Judgment Record ("Motion for Leave"). *See* Doc. 39.

## I.  INTRODUCTION

Powers seeks to introduce new evidence through Adrian Purdy, a previously undisclosed witness, 447 days *after* this lawsuit was filed, 112 days *after* the close of discovery, 85 days *after* the summary judgment deadline, and 59 days *after* completion of summary judgment briefing. Because all applicable pre-trial deadlines have since passed and BHP has not been afforded any opportunity to conduct discovery as to Purdy or the opinions he purports to offer, BHP is prejudiced by this untimely declaration. Moreover, this is a disparate treatment discrimination case that requires individual evidence as to Powers. Perhaps realizing that he has none, Powers has continually attempted to rely on alleged disparate impact or pattern-or-practice evidence, but these improper efforts do not save his *individual claims*. Purdy's declaration is yet another example of these improper efforts as it discusses two job positions not at issue in this lawsuit and Purdy's alleged belief that he probably would have sued for discrimination and retaliation.

Accordingly, and as explained more fully below, the Court should deny Powers's Motion for Leave and deny his request to supplement his summary judgment record.

## II.  BRIEF BACKGROUND

Powers filed this lawsuit against BHP in April 2021. *See* Doc. 1. The Parties have had ample opportunity to conduct and complete discovery. Under the second amended scheduling order, the deadline to complete discovery was April 22, 2022, and the dispositive motion deadline was May 19, 2022. *See* Doc. 26.

After discovery closed, and in accordance with the Court's second amended scheduling

2

order, BHP filed its Motion for Summary Judgment on May 19, 2022, seeking dismissal on all three of Powers's claims: (1) sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) post-termination retaliation under Title VII; and (3) breach of contract. *See* Doc. 32. For the sake of brevity and to avoid duplicative filings, BHP incorporates and respectfully refers the Court to BHP's Motion for Summary Judgment for a complete recitation of the facts and arguments. *See id.* Powers filed his Response in Opposition on June 7, 2022 (Doc. 33), and BHP filed its Reply on June 14, 2022 (Doc. 35). BHP's Motion for Summary Judgment remains pending.

On August 12, 2022, Powers filed this Motion for Leave, seeking to supplement his summary judgment record with the declaration of Adrian Purdy, who had not previously been disclosed, despite the fact the Court has twice extended the discovery period. *See* Doc. 39. After approximately 1.5 years of litigation, Powers seeks to introduce this new evidence 112 days ***after*** the close of discovery, 85 days ***after*** the summary judgment deadline, and 59 days ***after*** the completion of summary judgment briefing.

Powers's only excuse for the untimely disclosure is that he was not aware of Purdy's existence until another BHP employee retained Powers's lawyer for a separate lawsuit. *See* Doc. 39 at 2. Once identified, Powers's counsel encountered logistical issues in trying to obtain the declaration. *Id.* Purdy's declaration contains (i) allegations about BHP's aspirational goal to increase female representation globally within the Company; (ii) allegations regarding Niall McCormack and Paul McIntosh as they relate to the two job positions in 2017 that are not at issue in this lawsuit—Geological Business Support and Geophysical Business Support; and (iii) allegations that Purdy would have probably sued for discrimination and retaliation. *See* Doc. 39-1 at ¶¶ 4-7.

3

Powers's arguments to supplement the summary judgment record are without merit, and the Court should deny his Motion for Leave.

### III. RELEVANT STANDARD

The Federal Rules of Civil Procedure state that a pretrial schedule may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). In determining what constitutes good cause in terms of allowing a plaintiff to supplement the summary judgment record after briefing is complete, the Fifth Circuit has articulated four factors: (1) the explanation for the failure to submit the evidence; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (finding district court did not abuse its discretion in denying plaintiff's motion to supplement her opposition to defendant's summary judgment); *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 836 (5th Cir. 2015) (finding district court did not abuse its discretion in excluding plaintiff's late affidavit).

### IV. ARGUMENT & AUTHORITIES

Powers fails to satisfy any of the factors to justify introduction of this late evidence after the close of discovery and after the dispositive motion deadline. In fact, all factors weigh in favor of BHP and exclusion of Purdy's untimely declaration.

*(i) Explanation for Failure to Submit the Evidence*

Powers's sole explanation for his late disclosure is that he did not learn of Purdy's existence until after another BHP employee hired his counsel for a separate lawsuit, and that logistical issues delayed production of the declaration. *See* Doc. 39 at 2. Courts have rejected similar arguments, especially when the plaintiff fails to establish the other factors. *See, e.g.*, *Scott v. Westbank Fishing*, No. CV 20-2692, 2022 WL 2263239, at *4 (E.D. La. June 23, 2022) (involving a party

who claimed that it could not have identified certain witnesses in accordance with the scheduling order deadlines because the party did not become aware of these witnesses until after the discovery deadline had passed and denying request to supplement the record with these late witnesses); *Lynch v. Vill. of Hawthorn Woods*, No. 10-C-5707, 2013 WL 389019, at *5–6 (N.D. Ill. Jan. 31, 2013) (involving a plaintiff who submitted a declaration and supplemental disclosures four months after discovery and weeks after defendants submitted their summary judgment and rejecting plaintiff's argument that he only recently learned of the witness). In other words, simply claiming "unawareness" of the witness does not automatically cure an untimely witness. If this were the case, it would defeat the purpose of discovery, disclosure deadlines, deposition deadlines, expert deadlines, and dispositive motion deadlines.

### (ii) Importance of Testimony

Powers cannot demonstrate that the testimony is so important as to justify this untimely evidence. This is especially true given this is a disparate treatment discrimination case that requires individual evidence as to Powers, and **none of Purdy's alleged evidence relates to Powers**.

Purdy offers statements about overall management goals that were not directed at Powers (or even his group), not related in temporal proximity to any of the alleged adverse actions at issue, and not related to any employment decisions for Powers. *See* Doc. 39-1 at ¶ 4. BHP's global aspirational goal does not demonstrate a causal connection as to any of Powers's specific employment decisions or positions to which he applied. *See Carter v. O'Neill,* 78 F. App'x 978, 979-80 (5th Cir. 2003) (Rosenthal, J. sitting by designation) (holding that the plaintiff must still prove the diversity plan was "casually connected [to] his own individual work experiences with his failure to obtain the particular promotion[.]"); *Halupka v. Fed. Express Corp.*, No. 03-CV-350, 2005 WL 8161037, at *14 (E.D. Tex. Sept. 22, 2005) (same).

5

Likewise unavailing are Purdy's statements regarding Niall McCormack and Paul McIntosh as they relate to the two job positions in 2017—Geological Business Support and Geophysical Business Support. *Id.* at ¶ 5. To be clear, these are two positions to which ***Powers did not apply*** and which are not at issue in this lawsuit. Nor is there any temporal proximity; the hiring for these two positions occurred almost two years before the alleged adverse actions here.[1] Powers cannot attempt to bootstrap his individual claims to positions to which Powers did not apply, which do not serve as the basis for this lawsuit, and which have no temporal connection. *See Okeke v. Adm'rs of Tulane Educ. Fund*, No. 2:20-cv-450, 2021 WL 2042213, at *9 (E.D. La. May 21, 2021), *aff'd sub nom.*, 2022 WL 1025991 (5th Cir. Apr. 6, 2022) ("In an individual disparate treatment case, an individual plaintiff pursuing an individual claim may not rely on the type of pattern-or-practice evidence that is acceptable in class action suits alleging similar conduct . . . . Instead, a plaintiff must present prima facie evidence that she individually was treated less favorably than a specific similarly situated employee.").

Moreover, Purdy's statement that he would have "probably sued for discrimination and retaliation" is inadmissible evidence. *See* Doc. 39-1 at ¶ 7. Anecdotal evidence of discrimination or retaliation by other employees is only admissible if it relates to employees who are similarly situated to the plaintiff. *Jackson v. Univ. of Texas M.D. Anderson Cancer Ctr.*, 172 F. Supp. 2d 860, 878 (S.D. Tex. 2001). On the face of his declaration, Purdy is not similarly situated to Powers given that Purdy was the Manager for Regional Caribbean Exploration and Powers was part of the Finance Department's Portfolio Strategy and Development Team. For instance, in *Richardson v.*

---

[1] Even if these positions had any relation or relevancy to Powers (which they do not), these positions are nevertheless time barred. *See, e.g.*, *Grice v. FMC Techs. Inc.*, 216 F. App'x 401, 407 (5th Cir. 2007) (explaining that a plaintiff is statutorily required to file a claim within 300 days of the alleged failure to hire/promote or otherwise the claim is time-barred).

*United Airlines*, the court granted summary judgment and held anecdotal evidence from another employee who also made a discrimination complaint but had a different job and responsibilities was not admissible. No. 18-cv-01707, 2019 WL 6330718, at *8 (S.D. Tex. Oct. 31, 2019). Likewise, in *Cunio v. Texas Department of Mental Health*, the court held that plaintiff could not rely on anecdotal evidence from an employee with a different job title and different supervisor. 6:04-CV-342, 2006 WL 8441574, at *2 (E.D. Tex. Aug. 25, 2006).

In sum, Powers cannot demonstrate that the testimony is so important as to justify this untimely evidence. Even if he could demonstrate this point, the Fifth Circuit has cautioned that "the importance of proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (internal quotation marks omitted).

### (iii) Potential Prejudice in Allowing the Testimony

BHP is also prejudiced if Purdy's testimony is considered part of the summary judgment record. The discovery deadline (which was already extended twice by the Court) has passed. As a result, BHP is deprived the opportunity to conduct discovery as to Purdy or the opinions he purports to offer. Moreover, summary judgment briefing has been complete for months. Any additional discovery would require supplemental summary judgment briefing. *See, e.g.*, *Lynch*, 2013 WL 389019, at *6 (finding defendant was prejudiced by the untimely disclosure of a new witness that occurred after summary judgment briefing). As one court has soundly observed, even though a defendant "could take more deposition evidence to counter the prejudice," the "[p]laintiff would thus be allowed to preview [d]efendants' summary judgment strategy without penalty." *Id.*

### (iv) Availability of a Continuance to Cure Such Prejudice

Finally, the last factor also weighs in favor of BHP. Although a continuance would afford

BHP an opportunity to obtain further information about Purdy's contentions, "a continuance would [also] result[] in additional delay and increase the expense of defending the lawsuit." *Hamburger*, 361 F. 3d at 883; *see also Savant v. APM Terminals*, No. CV 4:11-1980, 2013 WL 12099874, at *7 (S.D. Tex. Aug. 27, 2013), *aff'd*, 776 F.3d 285 (5th Cir. 2014) (excluding new evidence because although a continuance could cure the prejudice, this "obviously" increases the expense of defending the lawsuit).

In sum, Powers's Motion for Leave falls wholly short of the good cause required to permit the use of a declaration from an untimely witness 112 days after the close of discovery, 85 days after the summary judgment deadline, and 59 days after completion of summary judgment briefing.[2]

## V.  CONCLUSION

For the reasons stated above, Defendant Broken Hill Proprietary (USA) Inc. prays that the Court deny Plaintiff's Motion for Leave to Add Additional Affidavit to the Summary Judgment Record.

---

[2] To the extent the Court grants Powers leave to supplement the record, BHP reserves the right to move at that time to strike portions of Purdy's declaration that contain impermissible evidence.

8

Dated: September 2, 2022

OF COUNSEL

Kimberly F. Cheeseman
State Bar No. 24082809
S.D. Tex. Id. No. 2254668
kimberly.cheeseman@nortonrosefulbright.com

Jesika Silva Blanco
State Bar No. 24098428
S.D. Tex. Id. No. 2780677
jesika.blanco@nortonrosefulbright.com

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Respectfully submitted,

*/s/ Shauna Johnson Clark*
Shauna Johnson Clark
State Bar No. 00790977
S.D. Tex. Id. No. 18235
shauna.clark@nortonrosefulbright.com

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

***Attorney in Charge for Defendant***

## CERTIFICATE OF SERVICE

This pleading was served in accordance with the Federal Rules of Civil Procedure on all counsel of record via the Court's CM/ECF system on this 2nd day of September, 2022.

*/s/ Kimberly Cheeseman*
Kimberly F. Cheeseman